UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CATHERINE MARY ELLIS,

                 Plaintiff,

v.

                                                  3:11-CV-1205 (GTS/ATB)

MICHAEL J. ASTRUE, Commissioner
of Social Security,

                 Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

LACHMAN & GORTON                     PETER A. GORTON, ESQ.
 Counsel for Plaintiff
P.O. Box 89
1500 East Main Street
Endicott, New York 13761

SOCIAL SECURITY ADMINISTRATION     AMANDA J. LOCKSHIN, ESQ.
OFFICE OF REGIONAL GENERAL COUNSEL  Special Assistant U.S. Attorney
  Counsel for Defendant
26 Federal Plaza - Room 3904
New York, New York 10278

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this action filed by Catherine Mary Ellis ("Plaintiff") against Commissioner of Social Security Michael J. Astrue ("Defendant") pursuant to 42 U.S.C. § 405(g) seeking Social Security benefits, is the Report-Recommendation of United States Magistrate Judge Andrew T. Baxter, issued pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 72.3(c) of the Local Rules of Practice for this Court recommending that Defendant's decision be affirmed, and that Plaintiff's Complaint be dismissed. (Dkt. No. 22.)

## I. RELEVANT BACKGROUND

### A. Procedural History

Because neither party has filed an Objection to Part I of Magistrate Judge Baxter's Report-Recommendation, which accurately describes the procedural background of this action, the Court adopts that part's description in this Decision and Order, which is intended primarily for the review of the parties. (*See generally* Dkt. No. 22, at Part I [Report-Rec].)

On March 12, 2010, Plaintiff "protectively filed"[1] an application for disability insurance benefits ("DIB") under the Social Security Act alleging a disability as of July 25, 2009, which left her unable to work.[2] (*See* Administrative Transcript ["T."] at 117-18.)[3] Plaintiff's application was denied by the Social Security Administration on May 10, 2010. (T. at 54-59.) Plaintiff requested a hearing and, on April 1, 2010, a hearing was held before an Administrative Law Judge ("ALJ") of the Social Security Administration. (T. at 17-46.)

On May 25, 2011, the ALJ issued his decision finding that Plaintiff was not disabled at any time from July 25, 2009 until the date of his decision. (T. at 8-16.) Plaintiff appealed the

---

[1] When used in conjunction with an "application" for benefits, the term "protective filing" indicates that a written statement, "such as a letter," has been filed with the Social Security Administration, indicating the claimant's intent to file a claim for benefits. *See* 20 C.F.R. § 404.630. There are various requirements for this written statement. *Id*. If a proper statement is filed, the Social Security Administration will use the date of the written statement as the filing date of the application even if the formal application is not filed until a future date. Plaintiff's actual application in this case is dated March 24, 2010. (*Compare* T. 47 *with* T. 117.)

[2] Plaintiff allegedly suffered a knee injury in July 2009 which required surgery and also suffers from depression and anxiety. (T. at 117-18.)

[3] "To be eligible for disability insurance benefits, a claimant must establish an 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Dixie v. Comm'r of Soc. Sec*., 05-CV-0345, 2008 WL 2433705 at *7 (N.D.N.Y. June 12, 2008) (Mordue, J.) (citation omitted).

ALJ's decision to the Social Security Administration's Appeals Council and on August 19, 2011, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of Defendant. (T. at 1-3.) On October 7, 2011, Plaintiff commenced this action in federal court. (Dkt. No. 1.)

Generally, in her brief in support of her Complaint, Plaintiff asserts the following two arguments: (1) the ALJ's residual functional capacity ("RFC") assessment as to Plaintiff's non-exertional limitations caused by her emotional impairments was not supported by substantial evidence, in that (a) the ALJ did not properly assess Plaintiff's treating physician's opinions, (b) the ALJ erroneously failed to find agoraphobia as a severe condition, and (c) the ALJ's credibility finding with respect to Plaintiff's psychiatric and emotional problems was not proper; and (2) the ALJ erred by failing to call upon the services of a vocational expert to assess the effect of Plaintiff's non-exertional limitations. (Dkt. No. 18.)

Generally, in his brief in response to Plaintiff's brief, Defendant disagrees with each of these arguments, and argues that his decision should be affirmed. (Dkt. No. 21.) For example, Defendant argues as follows: (1) the ALJ properly considered Plaintiff's mental impairments in determining her RFC; (2) the ALJ properly considered Plaintiff's agoraphobia at step two of the applicable five-step process; (3) the ALJ properly considered Plaintiff's subjective symptoms; and (4) vocational expert testimony was not required under the circumstances. (*Id.*)

### B. Magistrate Judge Baxter's Report-Recommendation

On September 7, 2012, Magistrate Judge Baxter issued a Report-Recommendation recommending that Defendant's decision be affirmed, and that Plaintiff's Complaint be dismissed. (Dkt. No. 22, at Part VI.) Generally, in so doing, Magistrate Judge Baxter made the

following findings: (1) the ALJ's RFC determination is supported by substantial evidence and is consistent with the findings of Plaintiff's treating physicians; and (2) consultation with a vocational expert was not necessary since the ALJ properly concluded that Plaintiff's mental impairments did not affect her ability to perform basic sedentary work. (*Id*.)

Neither party filed an Objection to the Report-Recommendation, and the deadline by which to do so has expired. (*See generally* Docket Sheet.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review of Magistrate Judge Baxter's Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[4] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the

---

[4] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

first instance.[5]

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[6] Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[7] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

[5] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[6] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[7] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[8]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## B. Standard Governing Judicial Review of Defendant's Decision

Because neither party has filed an Objection to Part III of Magistrate Judge Baxter's Report-Recommendation, which accurately correctly recited the legal standard governing judicial review of Defendant's decision, the Court adopts that part's recitation in this Decision and Order, which is intended primarily for the review of the parties. (*See generally* Dkt. No. 22, at Part III [Report-Rec].)

## III. ANALYSIS

After carefully reviewing all of the papers in this action, the Court concludes that Magistrate Judge Baxter's thorough Report-Recommendation is correct in all respects. (Dkt. No. 22.) Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*) As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein.

---

[8] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 22) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's decision is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: November 8, 2012
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge